```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

BIOPOLYMERENGINEERING, INC., )
etc., et al.,                )
                             )
          Plaintiffs and     )
          Counterdefendants, )
                             )
     v.                      )    No. 07 C 4234
                             )
BIORGIN,                     )
                             )
          Defendant and      )
          Counterplaintiff.  )

## MEMORANDUM ORDER

When this Court inherited this action by random assignment as the result of the departure of its former colleague Judge Mark Filip, the chambers file that it received from Judge Filip's staff did not include the Answer, Affirmative Defenses ("ADs") and Counterclaims that had been filed by defendant Biorigin. Its request for that missing responsive pleading has now been complied with, and this Court's review of that document has triggered the issuance of this sua sponte memorandum order.

First, there are two respects in which Biorigin has not conformed to the provisions of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as to what is necessary for a defendant to get the benefit of a deemed denial of a plaintiff's allegations. In Answer ¶¶2 and 21 Biorigin's disclaimer is limited to its asserted lack of sufficient knowledge, although the Rule also sets up the more demanding requirement of a lack of information (the latter is employed everywhere else in the Answer, so that

the two paragraphs just mentioned obviously reflect an inadvertent error by counsel).

Next, as for the numerous paragraphs that do track Rule 8(b) correctly (Answer ¶¶3-7, 9, 10, 15, 20, 25, 30 and 35), each impermissibly follows a proper disclaimer with the phrase "and therefore denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

There is another locution advanced repeatedly in the Answer (Answer ¶¶8, 11, 12, 16, 17, 22, 26, 27, 31, 32, 36 and 37) that only a patent lawyer could love. Because of a typographical error in the Complaint--the misspelling of Biorigin as "Biorgin"--defense counsel plays dumb by the constant repetition of language along these lines:

> Biorigin lacks sufficient knowledge to form an accurate belief regarding the conduct of "Defendant," in that "Biorgin" has been named as Defendant.

That is of course nonsensical--defense counsel knows very well what is meant by the Complaint in making allegations as to "Defendant." That language is stricken wherever it appears, and Biorigin is ordered promptly to make such additional modifications to its Answer as may be appropriate in light of

2

this Court's striking of the quoted language.[1]

As for the ADs, several appear problematic:

1.  ADs 2, 3 and 4 assert a lack of personal jurisdiction, insufficiency of process and insufficiency of the service of process, all apparently stemming from the Complaint's misnomer referred to in the preceding paragraph of this memorandum order.  With Biorigin having affirmatively invoked this Court's jurisdiction by its contemporaneous filing of a Counterclaim, it would seem that all three of those ADs appear to have been waived (or perhaps more accurately forfeited).  Accordingly all three will be stricken unless Biorigin promptly files a motion stating a sound reason for the retention of those ADs.

2.  AD 5 advances what is essentially a Rule 12(b)(6) motion.  Quite apart from the inappropriateness of filing such a challenge as an AD and then letting it lie fallow, it is just wrong in substantive terms.  It too is stricken.

3.  AD 6 challenges the standing to sue on the part of either or both plaintiffs--an assertion made on information and belief.  If that is really a problem, it should be addressed at the threshold.  Accordingly Biorigin is also

---

[1] Ever the nitpicker, defense counsel includes a similar denial in Answer ¶14 to address another typographical error, the misspelling of the first name of the patentee of the '015 Patent ("Bryon" rather than "Byron").

ordered to present that issue in appropriately fleshed-out form at an early date.

This Court had previously scheduled a status hearing for 9 a.m. April 11.  Both the subjects discussed here and any other matters the parties wish to present for consideration will be addressed during that status hearing.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:  April 4, 2008